MORRIS LANG v. ANDREW J. BERRIEN, RECEIVER OF TAXES, AND THE INHABITANTS OF THE CITY OF TRENTON.

Submitted June 3, 1908—Decided November 5, 1908.

Chapter 52 of the laws of 1885 (*Pamph. L.*, p. 61) provides "that whenever any person, firm or corporation shall, subsequently to the time fixed by law for the completion of the annual valuation and assessment for local taxes in any taxing district in this state, bring or send into such taxing district any stock of goods or merchandise to be sold or disposed of in a place of business temporarily occupied for their sale, without the intention of engaging in permanent trade in such place," such stock shall be taxed at the general rate for the current year.   *Held*, that the words "in such place" must be construed as referring to the "place of business," and that when so construed the statute creates an unsubstantial and illusory classification of property for taxation and is therefore unconstitutional.

On *certiorari* of taxes.

Before Justices GARRISON, SWAYZE and PARKER.

For the prosecutor, *Adrian S. Appelget.*

For the defendant, *Charles E. Bird.*

The opinion of the court was delivered by

PARKER, J.   This writ brings up for review an assessment of taxes assessed and levied against the prosecutor by the commissioners of assessment of the city of Trenton, on Jan-

uary 31st, 1908, for taxes of the year 1907 on personal property valued at $5,500, none of which was brought into the city of Trenton until January 28th, 1908.

The tax was levied under and by virtue of an act of the legislature passed March 9th, 1885 (*Pamph. L., p.* 61; *Gen. Stat., p.* 3418), entitled "An act to provide for the taxation of the property of persons engaging temporarily in business in taxing districts subsequently to the completion of the annual assessments by the local assessors."

Its first section reads as follows:

"That whenever any person, firm or corporation shall, subsequently to the time fixed by law for the completion of the annual valuation and assessment for local taxes in any taxing district in this state bring or send into such taxing district any stock of goods or merchandise to be sold or disposed of in a place of business temporarily occupied for their sale, without the intention of engaging in permanent trade in such place, the owner, consignee or person in charge of said goods or merchandise shall immediately notify the local assessor or board of assessors by whatever name such officer or board shall be designated; and thereupon the assessor or board of assessors, as the case may be, shall at once proceed to value the said stock of goods and merchandise at its true value, and upon such valuation the said owner, consignee or person in charge shall pay to the collector of taxes of the township, town, borough or city, as the case may be, a tax at the rate assessed for state, county and local purposes in the taxing district in the year then current; and it shall not be lawful to sell or dispose of any such goods or merchandise as aforesaid in such taxing district until the assessor or board of assessment shall have been so notified as aforesaid and the tax assessed thereon duly paid to the collector."

The second section provides that for failure to notify the taxing authorities as above required, or to pay the tax for selling any of the property before the tax is paid the owner of the property shall forfeit twice the amount of the tax, to be recovered in an action of attachment.

The prosecutor rented a temporary place of business in

Trenton, and on January 28th, 1908, had it stocked with goods for immediate sale, when he was notified by one of the city assessors to make report as required by section 1. He accordingly did so and the commissioners accepting his valuation immediately imposed a tax at the current rate of 1907, and returned it to the receiver of taxes for collection.

The assessment is attacked by prosecutor on the ground that the act quoted violates the constitutional provision that "property shall be assessed for taxes under general laws and by uniform rules according to its true value" in that the first section lays down an illusory classification of the property taxable. In this we agree with him. A careful reading of section 1 discloses that the class of property made taxable embraces merely any stock of goods or merchandise brought or sent after the date of annual valuation and assessment into any taxing district, to be sold or disposed of in a place of business temporarily occupied for their sale *without the intention of engaging in permanent trade in such place, i. e., such place of business.*

Whatever may be said as to the propriety of a classification embracing all property intended for sale in a temporary place of business without an intention on the part of the owner of engaging in permanent trade within the taxing district, all that need be said now is that no such classification is contained in the statute under discussion. An essential criterion of the class in question is the absence of intention on the part of the owner to engage in permanent trade in the place of business temporarily occupied by him.

Under this act goods are taxable whose owners intend to engage in permanent trade in the taxing district but only temporarily in the particular place of business therein even though their occupancy becomes permanent; while in the case of an owner intending to engage in permanent trade in the identical place of business the goods are exempt until the next regular day for valuation and assessment, though such owner in fact vacate before that time and leaves the district, so that his occupancy is in fact temporary.

Such a classification seems neither logical nor substantial.

It may be that by the word "place" the draftsman of this act intended "taxing district," but if so, he failed to express that intention. Under well recognized rules of construction, the words "such place" must be considered as relating to the last "place" previously mentioned, *i. e.*, the place of business.

For these reasons we regard the act in question as unconstitutional and invalid. The tax brought up will therefore be set aside.