CHARLES S. TAPSCOTT ET AL., DEFENDANTS IN ERROR, v. LUCY C. McVEY, PLAINTIFF IN ERROR.

Submitted July 8, 1912—Decided November 18, 1912.

A provision in a written contract between vendor and vendee for the sale of real estate contained this provision: "And it is further agreed by the parties hereto, that the said deed shall be delivered and received at the office of Tapscott Bros., who are hereby recognized by the party of the first part (the defendant) as the brokers in the transaction, and entitled to 2½ percentage on the amount the property is sold for." *Held*, in a suit by the real estate brokers to receive their commissions upon a completed sale, that under the provisions of chapter 251 of the laws of 1902 (*Pamph. L., p.* 709), conferring the right to recover upon a third party, where the contract is made for his benefit, the broker had a legal cause of action.

On error to the Supreme Court, whose opinion is reported in 53 *Vroom* 35.

For the plaintiff in error, *Robert Newton Crane.*

For the defendants in error, *Vincent W. Nash, Jr.*

The opinion of the court was delivered by

MINTURN, J. The following provision in a contract for the sale of real estate furnished the basis for the claim of the plaintiffs in this action:

"And it is further agreed by the parties hereto, that the said deed shall be delivered and received at the office of Tapscott Bros., who are hereby recognized by the party of the first part (the defendant) as the brokers in the transaction, and entitled to 2½ percentage on the amount the property is sold for."

Judgment was rendered for the plaintiffs in the District Court, and the Supreme Court affirmed it. The objections to that affirmation upon this writ of error are contained in seven assignments of error, only three of which, so far as the record shows, were presented to the attention of the Supreme Court, and upon well-settled rules of practice, applicable to the re-

viewing tribunal, the remaining assignments are not legally before us. *Van Vechten* v. *McGuire, 41 Vroom* 657.

In the District Court, the legal questions presented were raised upon a motion to nonsuit, and upon a motion for judgment at the end of the case.

The only questions of law presented to the Supreme Court were, first, that the contract sued upon was an entire contract and had not been fully performed. Since this question had not been presented to the trial court, it was not properly before the Supreme Court, and cannot be considered here. *Van Vechten* v. *McGuire, supra.*

In any event it presented a question of fact not reviewable here. *Pamph. L.* 1910, *p.* 236. Secondly, because the title to lands came in question and the District Court was therefore without jurisdiction. The Supreme Court found this objection to be without force, and without passing upon the legal effect of the act of 1910, page 228, we concur in that view.

The only question before the District Court upon this phase of the litigation was whether the plaintiffs had earned their commissions, in view of the defendant's attempt to show that the title he had received from the vendor was defective. The transaction had been closed, the conveyance had been recorded, and title had passed, so that the essential legal requirements to sustain the plaintiffs' claim were in evidence. It is difficult, under such circumstances, to perceive how the plaintiffs could be affected by any claim of defective title, which we may assume was properly safeguarded in favor of the vendee by a covenant in the deed of conveyance.

In any event the trial court found in reaching its judgment that the title to lands was not involved, and the defendant is precluded in the Supreme Court from disputing that finding of fact, where there is some testimony as well as the essential facts involved in the controversy to sustain it. *Lavin* v. *Public Service Railway Co., 48 Vroom* 217.

The third reason urged in the Supreme Court for reversal was that the statute of frauds intervened to prevent a recovery. This objection does not seem to have been urged in the trial court, and was not considered in the Supreme Court,

and we are therefore not called upon to deal with it here. The meritorious question in the case was that dealt with in the Supreme Court, *i. e.*, whether, under the provisions of the contract between the vendor and vendee, a legal contract was evolved in favor of the plaintiffs, under the provisions of chapter 251 of the laws of 1902.

The Supreme Court satisfactorily dealt with this phase of the case, in finding that such a contract existed under the clear intent of the statute, and the judgment will therefore be affirmed.

*For reversal*—None.