ABRAHAM EISLER ET AL. v. SOLOMON M. HALPERN.

Submitted July 3, 1913—Decided November 5, 1913.

Where the record title to real estate is otherwise clear the vendee in a contract of sale cannot legally reject the title upon the ground of an alleged oral declaration of trust by one of the vendors, since such a declaration if made is invalid under the statute of frauds.

On appeal from the Newark District Court.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the appellants, *Benjamin M. Weinberg.*

For the appellee, *Samuel F. Leber.*

The opinion of the court was delivered by

MINTURN, J. The parties to this suit agreed one to convey and the other to take title to certain premises in the city of Newark, and upon the execution of the agreement the vendee paid to the vendor the sum of $200 on account of the purchase price. When pursuant to the terms of the agreement the parties met to pass the title, it was insisted that the defendants held the title for one Blacher and wife, who at that time were in Europe, and the attorney for the vendee insisted that Blacher's wife possessed a right of dower in the property which would require her release, and since she could not execute the release within the time required, a demand was then and there made for the $200 deposit, which being refused this suit was instituted to recover. The District Court awarded judgment in favor of the plaintiff upon the ground that the title being doubtful the vendees were not obliged to accept it.

The main question before us therefore is, was the title doubtful. The testimony shows that the record title was un-

deniably in the defendants. That Blacher was indebted to Halpern, one of the defendants, for a sum of money, and that the latter had taken title to the property in question as security for the payment of the indebtedness, both Blacher and his wife having executed the conveyance, which was offered and admitted in evidence, thus vesting the title in the defendants free of any trust.

The only trust put in evidence was one of an oral character. Lowenstein, an agent of the defendants, testified to a conversation he had with Halpern, one of the defendants, in which the latter admitted that he took title to the property from Blacher in the manner referred to with the understanding that any surplus which might be in his hands after a sale of the premises above the indebtedness to Halpern should be returned to Blacher. It was the existence of this alleged oral trust which led to the plaintiff's refusal to accept title. Quite manifestly such a condition did not constitute a legal objection to the title. As a declaration of trust it was absolutely void under the statute of frauds (*Comp. Stat., p.* 2611), and the testimony concerning it was, under the circumstances, irrelevant and immaterial.

Without the introduction of this testimony the defendants, so far as the record title was concerned, occupied the *status* of owners in fee, under a valid deed of conveyance from Blacher and wife. Mrs. Blacher had parted with her dower interest by executing jointly with her husband the conveyances to the defendants, and the rule is a familiar one that purchasers may lawfully assume that the title disclosed on the record is complete, in the absence of notice that the records are defective. *Roll* v. *Rea,* 21 *Vroom* 264.

The only other question involved in the controversy is whether the District Court had jurisdiction to try the question of title thus presented. That question was determined by this court affirmatively in *Tapscott* v. *McVey,* 54 *Vroom* 747.

The judgment will be reversed, with costs.